UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FRANKLIN EUGENE BROWN, )
)
    *Plaintiff*, )
) No.: 3:14-cv-487-PLR-CCS
v. )
)
ANDERSON COUNTY SHERIFF'S )
OFFICE and ANDERSON COUNTY )
JUVENILE JUDGE BRIAN HUNT, )
)
    *Defendants*. )

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the plaintiff is allowed to proceed in this action without the prepayment of costs or fees or security therefor. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th

Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff filed this action during his confinement in the Anderson County Detention Facility; he has since been transferred to the Knox County Detention Facility. The defendants are the Anderson County Sheriff's Office and Brian Hunt, the juvenile court judge for Anderson County, Tennessee. Plaintiff alleges that the Anderson County Sheriff's Office failed to transport him to court, despite his being served with a summons, and that Judge Hunt entered a ruling on a case involving plaintiff's daughter in his absence, thus denying plaintiff his rights of due process and access to the courts.

The Anderson County Sheriff's Office is not a suable entity within the meaning of 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a

sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

A state judicial officer enjoys absolute judicial immunity from an award of money damages for past judicial acts on matters that are clearly within the court's jurisdiction. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978); *Mann v. Conlin*, 22 F.3d 100, 103-104 (6th Cir. 1994). "The entitlement is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). *See also Hunter v. Bryant*, 502 U.S. 224, 227 (1991). This is true even where the judge acts "erroneously, corruptly or in excess of jurisdiction." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). *See also Bright v. Gallia County, Ohio*, 753 F. 3d 639, 649-50 (6th Cir. 2014) (judge entitled to absolute judicial immunity for actions taken within the court's jurisdiction even if his actions "were petty, unethical, and unworthy of his office").

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) ("a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory") (internal quotation marks omitted; emphasis and omission in original). Therefore, this action is **DISMISSED** *sua*

*sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Knox County Detention Facility, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Knox County, Tennessee, and the Knox County Law Director's Office to ensure that the custodian of the plaintiff's inmate trust account complies with that portion

4

of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

A separate judgment will enter.

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**